MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
ALVARO AYALA MALDONADO (A.K.A. FREDDY), *individually and on behalf of others similarly situated,*

                *Plaintiff,*

              -against-

111 HUDSON MARKET INC. (d/b/a 111 HUDSON MARKET), KONCHA DOE, and MARIA PARK (a.k.a. MARIA LEE, a.k.a. MARIA CHUNG),

                *Defendants.*

----------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

    Plaintiff Alvaro Ayala Maldonado (a.k.a. Freddy) ("Plaintiff Ayala" or "Mr. Ayala"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon information and belief, and as against each of defendants 111 Hudson Market Inc. (d/b/a 111 Hudson Market), ("Defendant Corporation"), Koncha Doe and Maria Park (a.k.a. Maria Lee, a.k.a. Maria Chung), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

    1.    Plaintiff Ayala is a former employee of Defendants 111 Hudson Market Inc. (d/b/a 111 Hudson Market), Koncha Doe, and Maria Park (a.k.a. Maria Lee, a.k.a. Maria Chung).

    2.    111 Hudson Market is a deli/market owned by Koncha Doe and Maria Park (a.k.a. Maria Lee, a.k.a. Maria Chung), located at 111 Hudson St # A, New York, NY 10013.

3.     Upon information and belief, Defendants Koncha Doe, and Maria Park (a.k.a. Maria Lee, a.k.a. Maria Chung), serve or served as owners, managers, principals or agents of Defendant Corporation and through this corporate entity operate the deli/market.

4.     Plaintiff Ayala is a former employee of Defendants.

5.     Plaintiff Ayala was employed as a flower shop worker.

6.     At all times relevant to this Complaint, Plaintiff Ayala worked for Defendants in excess of 40 hours per week, without receiving the appropriate overtime compensation for the hours over 40 per week that he worked.

7.     Rather, Defendants failed to maintain accurate recordkeeping of his hours worked and failed to pay him appropriately for any hours worked over 40 at an additional overtime premium.

8.     Further, Defendants failed to pay Plaintiff Ayala the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.     Defendants' conduct extended beyond Plaintiff Ayala to all other similarly situated employees.

10.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Ayala and other employees to work in excess of forty (40) hours per week without providing them the overtime compensation required by federal and state law and regulations.

11.    Plaintiff Ayala now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq.*, and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 142-2.2, 2.4),

(the "NYLL"), and the "spread of hours" and overtime wage orders of the New York

Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein

the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorney's

fees and costs.

12.     Plaintiff Ayala seeks certification of this action as a collective action on behalf of

himself, individually, and all other similarly situated employees and former employees of

Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA),

28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental

jurisdiction over Plaintiff Ayala's state law claims is conferred by 28 U.S.C. § 1367(a).

14.     Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a

substantial part of the events or omissions giving rise to the claims occurred in this district,

Defendants operate their business in this district, and Plaintiff Ayala was employed by

Defendants in this district.

## PARTIES

### *Plaintiff*

15.     Plaintiff Alvaro Ayala Maldonado (a.k.a. Freddy) ("Plaintiff Ayala" or "Mr.

Ayala") is an adult individual residing in New York County, New York.

16.     Plaintiff Ayala was employed by Defendants from approximately June 2015 until

on or about November 4, 2017.

17.     Plaintiff Ayala consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18.     At all times relevant to this complaint, Defendants own, operate, and/or control a deli/market located at  111 Hudson St # A, New York, NY 10013 under the name "111 Hudson Market".

19.     Upon information and belief, 111 Hudson Market Inc. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 111 Hudson St # A, New York, NY 10013.

20.     Defendant Koncha Doe is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Koncha Doe is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation. Defendant Koncha Doe possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.  Defendant Koncha Doe determined the wages and compensation of the employees of Defendants, including Plaintiff Ayala, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

21.     Defendant Maria Park (a.k.a. Maria Lee, a.k.a. Maria Chung) is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.  Defendant Maria Park (a.k.a. Maria Lee, a.k.a. Maria Chung) is sued individually in her capacity as an owner, officer and/or agent of Defendant Corporation. Defendant Maria Park

(a.k.a. Maria Lee, a.k.a. Maria Chung) possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation. Defendant Maria Park (a.k.a. Maria Lee, a.k.a. Maria Chung) determined the wages and compensation of the employees of Defendants, including Plaintiff Ayala, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

22.     Defendants operate a deli/market located at 111 Hudson St # A, New York, NY 10013.

23.      Individual Defendants Koncha Doe and Maria Park possess operational control over Defendant Corporation, possess an ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation.

24.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

25.     Each Defendant possessed substantial control over Plaintiff Ayala's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Ayala, and all similarly situated individuals, referred to herein.

26.     Defendants jointly employed Plaintiff Ayala, and all similarly situated individuals, and are Plaintiff Ayala's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27.     In the alternative, Defendants constitute a single employer of Plaintiff Ayala and/or similarly situated individuals.

28.     Upon information and belief, individual defendants Koncha Doe and Maria Park operate Defendant Corporation as either an alter ego of themselves, and/or fail to operate Defendant Corporation as a legal entity separate and apart from themselves by, among other things:

(a)     failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

(b)     defectively forming or maintaining Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c)     transferring assets and debts freely as between all Defendants;

(d)     operating Defendant Corporation for their own benefit as the sole or majority shareholders;

(e)     operating Defendant Corporation for their own benefit and maintaining control over them as a closed corporation or closely controlled entity;

(f)     intermingling assets and debts of their own with Defendant Corporation;

(g)     diminishing and/or transferring assets of Defendant Corporation to protect their own interests; and

(h)     other actions evincing a failure to adhere to the corporate form.

29.     At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

30. Defendants had the power to hire and fire Plaintiff Ayala, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff Ayala's services.

31. In each year from 2015 to 2017, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

32. In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were sold in the deli/market on a daily basis, such as food and flowers, were produced outside of the State of New York.

### *Individual Plaintiff*

33. Plaintiff Ayala is a former employee of Defendants, employed in performing the duties of a flower shop worker.

34. Plaintiff Ayala seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Plaintiff Alvaro Ayala Maldonado (a.k.a. Freddy)*

35. Plaintiff Ayala was employed by Defendants from approximately June 2015 until on or about November 4, 2017.

36. At all relevant times, Plaintiff Ayala was employed by Defendants as a flower shop worker.

37. Plaintiff Ayala regularly handled goods in interstate commerce, such as food, flowers and other items produced outside of the State of New York.

38.     Plaintiff Ayala's work duties required neither discretion nor independent judgment.

39.     Throughout his employment with Defendants, Plaintiff Ayala regularly worked in excess of 40 hours per week.

40.     From approximate June 2015 until on or about December 2015, Plaintiff Ayala worked from approximately 7:00 a.m. until on or about 7:00 p.m. or 7:20 p.m. six days per week (typically 72 to 74 hours per week)

41.     From approximately January 2016 until on or about June 1, 2016 and then from approximately August 1, 2016 until on or about November 4, 2017, Plaintiff Ayala worked from approximately 8:00 a.m. until on or about 7:00 p.m. or 7:20 p.m. six days per week (typically 66 to 68 hours per week).

42.     Throughout his employment with Defendants, Plaintiff Ayala was paid his wages in cash.

43.     From approximately June 2015 until on or about December 2015, Defendants paid Plaintiff Ayala a fixed salary of $750 per week.

44.     From approximately January 2016 until on or about November 4, 2017, Defendants paid Plaintiff Ayala a fixed salary of approximately $800 per week.

45.     Defendants did not pay Plaintiff Ayala his last week of work.

46.     Plaintiff Ayala's wages did not vary regardless of how many additional hours he worked in a week.

47.     In fact, defendants regularly required Plaintiff Ayala to work up to 20 minutes after he punched out and did not compensate him for the extra time he worked.

48.     Defendants did not grant Plaintiff Ayala a break or meal period of any length.

49.    Defendants did not provide Plaintiff Ayala with a statement of wages with each payment of wages, as required by NYLL 195(3).

50.    However, in order to receive his weekly pay, Defendants required Plaintiff Ayala to sign a document the content of which he did not understand and was not allowed to keep copies.

51.    Defendants never provided Plaintiff Ayala with an accurate written notice, in English and in Spanish (Plaintiff Ayala's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

52.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Ayala regarding overtime and wages under the FLSA and NYLL.

*Defendants' General Employment Practices*

53.    Defendants regularly required Plaintiff Ayala to work in excess of forty (40) hours per week without paying him the proper overtime premiums and spread of hours pay.

54.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Ayala (and all similarly situated employees) to work in excess of forty (40) hours per week without paying them appropriate overtime compensation, as required by federal and state laws.

55.    Defendants' pay practices resulted in Plaintiff Ayala not receiving appropriate payment for all his hours worked, resulting in Plaintiff Ayala's effective rate of pay falling below the required overtime wage rate.

56.    Defendants habitually required their employees, including Plaintiff Ayala, to work additional minutes beyond their regular shifts, but did not provide them with any additional compensation.

57.     By employing this practice, Defendants avoided paying Plaintiff Ayala at the overtime rate of time and a half for most or all of his hours worked in excess of forty (40) hours per week.

58.     Plaintiff Ayala was paid his wages entirely in cash.

59.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

60.     In order to release his weekly pay, defendants required Plaintiff Ayala to sign a document the contents of which he did not understand and did not allow him to keep a copy.

61.     By employing these practices, Defendants avoided paying Plaintiff Ayala the overtime compensation of time and a half for all of his hours worked in excess of forty (40) hours per week.

62.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Ayala (and similarly situated individuals) worked, and to avoid paying Plaintiff Ayala  properly for  (1) his hours worked; (2) spread of hours pay; and, (3) for overtime due.

63.     Defendants failed to post required wage and hour posters in the deli/market, and did not provide Plaintiff Ayala with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Ayala's relative lack of sophistication in wage and hour laws.

64.     Defendants failed to provide Plaintiff Ayala  and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of

employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

65.     Defendants failed to provide Plaintiff Ayala and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language of Spanish, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

66.     Plaintiff Ayala brings his FLSA overtime wages and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in his case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

67.     At all relevant times, Plaintiff Ayala and other members of the FLSA Class who are and/or have been similarly situated, had substantially similar job requirements and pay provisions, and were subject to Defendants' common practices, policies, programs, procedures,

protocols and plans of willfully failing and refusing to pay them the overtime pay of one and one-half times his regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep accurate records required by the FLSA.

68.     The claims of Plaintiff Ayala stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FLSA OVERTIME PROVISIONS

69.     Plaintiff Ayala repeats and realleges all paragraphs above as though fully set forth herein.

70.     At all times relevant to this action, Defendants were Plaintiff Ayala's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Ayala (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

71.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

72.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

73.     Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Ayala (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

74.     Defendants' failure to pay Plaintiff Ayala (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

75.     Plaintiff Ayala (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE NEW YORK STATE
## LABOR LAW'S OVERTIME PROVISIONS

76.     Plaintiff Ayala repeats and realleges all paragraphs above as though fully set forth herein.

77.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Ayala  (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

78.     Defendants failed to pay Plaintiff Ayala (and the FLSA Class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

79.     Defendants' failure to pay Plaintiff Ayala (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

80.     Plaintiff Ayala (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
## OF THE NEW YORK COMMISSIONER OF LABOR

81.     Plaintiff Ayala repeats and re-alleges all paragraphs above as though fully set forth herein.

82.     Defendants failed to pay Plaintiff Ayala (and the FLSA class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Ayala's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 et seq.

and 650 et seq. and the wage order of the New York Commissioner of Labor codified at N.Y.

COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

83.    Defendants' failure to pay Plaintiff Ayala (and the FLSA Class members) an

additional hour's pay for each day Plaintiff Ayala's  (and the FLSA Class members) spread of

hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

84.    Plaintiff Ayala (and the FLSA Class members) were damaged in an amount to be

determined at trial.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF THE NOTICE AND RECORDKEEPING**
**REQUIREMENTS OF THE NEW YORK LABOR LAW**

85.    Plaintiff Ayala repeats and realleges all paragraphs above as though fully set forth

herein.

86.    Defendants failed to provide Plaintiff Ayala with a written notice, in English and

in Spanish (Plaintiff Ayala's primary language), of his rate of pay, regular pay day, and such

other information as required by NYLL §195(1).

87.    Defendants are liable to Plaintiff Ayala in the amount of $5,000, together with

costs and attorneys' fees.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF THE WAGE STATEMENT PROVISIONS**
**OF THE NEW YORK LABOR LAW**

88.    Plaintiff Ayala repeats and realleges all paragraphs above as though set forth fully

herein.

89.    Defendants did not provide Plaintiff Ayala with a statement of wages with each

payment of wages, as required by NYLL 195(3).

90.    Defendants are liable to Plaintiff Ayala in the amount of $5,000, together with

14

costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ayala respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Ayala and the FLSA class members;

(c)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Ayala's, and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(d)    Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Ayala and the FLSA class members;

(e)    Awarding Plaintiff Ayala and the FLSA class members damages for the amount of unpaid overtime wages and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(f)    Awarding Plaintiff Ayala and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Ayala  and the members of the FLSA Class;

(h)    Declaring that Defendants violated the notice, recordkeeping, and wage statement requirements of the NYLL with respect to Plaintiff Ayala's, and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(i)    Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Ayala and the members of the FLSA Class;

(j)    Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Ayala and the members of the FLSA Class;

(k)    Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Ayala  and the FLSA Class members;

(l)    Awarding Plaintiff Ayala and the FLSA class members damages for the amount of unpaid overtime wages as well as spread of hours pay under the NYLL as applicable;

(m)    Awarding Plaintiff Ayala damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)    Awarding Plaintiff Ayala and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid spread of hours pay, overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(o)    Awarding Plaintiff Ayala and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(p)    Awarding Plaintiff Ayala damages for Defendants' failure to pay him in a timely

16

fashion, as required by NYLL § 191;

(q)     Awarding Plaintiff Ayala and the FLSA class members pre-judgment and post-judgment interest as applicable;

(r)     Awarding Plaintiff Ayala and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(s)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Ayala demands a trial by jury on all issues triable by a jury

Dated: New York, New York
          November 12, 2017

                              MICHAEL FAILLACE & ASSOCIATES, P.C.


                                   /s/ Michael Faillace
                              By:  Michael A. Faillace [MF-8436]
                                   60 East 42nd Street, Suite 4510
                                   New York, New York 10165
                                   (212) 317-1200
                                   *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42ⁿᵈ Street, Suite 2540                                    Telephone: (212) 317-1200
New York, New York 10165                                    Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

November 6, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Alvaro Ayala Maldonado

Legal Representative / Abogado:         Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                           06 de noviembre de 2017

*Certified as a minority-owned business in the State of New York*